Mr. Wideman, Mr. Draper, and Mr. Douglas were all severely injured while they were engaged in work that Innovative Fibers, the defendant in this case, had outsourced to their direct employer, AEO, for legitimate business reasons. The outsourced work wasn't part of Innovative Fibers' primary business, which was textile manufacturing. Instead, the specific work that was contracted out to AEO was the removal and disposal of pet dust. It's a waste product. It came from superstructures and other areas that were above crystallizer ovens in the Innovative Fibers plant and were to be removed and disposed of while those ovens were still It was work that Innovative Fibers employees were not equipped to do or capable to complete, nor was it work that they had done as part of Innovative Fibers' primary or typical business. Well, I mean, they had done cleaning, right? There was cleaning done by employees sporadically,  There's a big difference between cleaning as a concept and the specific work that was contracted out to AEO here, just as there is a myriad of different flavors of maintenance work or of repair work and of cleaning work. Because if you take cleaning as a broad concept, then the fact that I may take my trash out when the trash can is full at the end of the day at my office doesn't make the cleaning crew that comes in and cleans on the weekends my statutory employee, just simply because they do the cleaning. The Supreme Court in Keene, the South Carolina Supreme Court in Keene, of course, is the case that we're probably going to spend a good bit of time talking about today, but it acknowledged this concept when it was talking about the Bridges case, which was a maintenance case. And there they said that these cases become fact-intensive because of the different types and varied uses that different employers and different contractors go to in doing maintenance work. The same could be said for cleaning, too. So can I ask you about Bridges? Because it seems like Bridges, at least on first read, appears to be a bit of an outlier and somewhat inconsistent with Keene. So in Bridges, as I understand it, this was a textile manufacturer and the manufacturer, on occasion, did work with respect to the power lines that were at issue in that case, but this one time they decided to outsource the work in order to give their employees some time off. And the court there said that the plaintiff in that case was the manufacturer's statutory employee. So how is that case different from this case? I think it's probably, Keene did a good job of explaining it, and Keene did it by contrasting it with the Daniel case. And in those cases, well first, in Bridges, as you know, this wasn't a circumstance where the maintenance work was not part of the defendant's business. It was part of its business, which of course is the threshold question that this court has to answer about innovative fibers. Bridges, the defendant in that case, had a dedicated team of electricians. It had employees on staff that did the same type of work both before and after these temporary substitutes came in from the subcontractor, from the outsourced work. And that's where Keene says, this is still good law. Bridges is still good law. And what it stands for is a circumstance where a company doesn't totally outsource. You use the term outsource. I think Keene would say that's not outsourcing. You don't outsource the work when you have to provide a temporary substitute for your employees for a legitimate business reason. And in that case, as you acknowledged, it was because their workers had done a lot of work, it was excessive overtime, and they couldn't do the work that day because of those factors. Does it matter that in this case, there were apparently negotiations going on as to whether or not to formally contract for the work, but that those negotiations never were finalized? Well, I don't think that one finalized is a term that even enters into any of the cases that are discussed. As we pointed out in the brief, the Keene case doesn't use the term finalized. What it talks about is a business judgment or business decision. And even as And the decision was to outsource this work, to contract with the AEO to come in and to do this work. So whether it's a quote-unquote final decision... So I thought what you'd say there is slightly different. I thought the move the district court made here was confusing to me, right? Because in January, in May, in October, they'd outsourced it every single time. Every quarter, they're outsourcing it. There may have been a decision that it was going to be the outsourced cleaner, right? Because the group that had done it in January, May, and October, in October said, we're not going to do it anymore if you won't cut off the ovens. So there is a real question about who the outsourced cleaner is going to be. But that's different than saying there had not been a decision that it was going to be outsourced. In fact, it had been outsourced every quarter for the court set up questions to say, we don't know for sure if we're going to continue to use your group versus the other group. That doesn't seem that there was a question about whether it was being outsourced, right? I agree with you. I mean, and I was responding to Judge Diaz's question about whether it was quote-unquote final. And I think your point's valid when that may not have been final in someone's mind as to who that contractor was going to be. Although I would submit that had it not been for this explosion, there's the previous contractor, VLS, had left the job without completing it. But nevertheless, if you look at the evidence, I mean, we've got self-serving affidavits, which- Can I, I'm sorry to interrupt, but let me ask you a procedural question since you mentioned the evidence. As I understand it under state law, South Carolina state law, the court, actually sits as a finder of fact with respect to this issue of statutory employee. It doesn't need to be beholden to the findings of fact of the circuit court, the state court. But that's not typically what we do as federal judges when dealing with jurisdictional facts. We let the district court decide the jurisdictional facts. And if there's a dispute as to those jurisdictional facts, then it should go to a trier of fact. But we don't, we're not the are we required to accept this standard with respect to who gets to decide? And second, is there an actual dispute with respect to the facts that matter in this case? Well, to answer your first question, Judge Diaz, that is a de novo standard of review, and it is a bit- With respect to what? Both the facts and the law? Well, with respect to the law, you get to decline. Sure, that's easy. What about the facts? With the facts, it is a de novo standard of review. Interestingly- That raises a very interesting question under the federal state relations because we try to apply the substantive law of the state, but we do it under our federal procedure. And here, the state procedure substantively has the appellate court reviewing the district court's factual findings. I mean, here there is a factual finding. It says the court finds that a business decision had not been made by Innovate Fibers in the time of plaintiff's injuries. And he goes on to explain that. So it seems to me, it's a close question in this case. You guys have put a lot of evidence in and there are a lot of arguments being made both ways. But if we're going to apply the federal standard, we would say, was that clear error? And I mean, this is a jurisdictional question under state law. And so the court can make factual findings, but in connection with the jurisdiction. But the question is an appellate court in the federal system. I think the Supreme Court's told us that's not our role. And we usually send things back to let them be found by district court and then review that on standard. Now, are you suggesting we should find facts as an appellate court? It would be really novel. I don't think I've ever seen anybody suggest we should be doing that. Well, it was what was done in the Ziegler case, as I understand it, which was the post-Keene case that this court did address the statutory employment doctrine under South Carolina. Did we find facts as an appellate court? I understand that the court reviewed it de court. Can I ask maybe a slightly different spin on this? State courts apply this as a question of jurisdiction. And that is true in a state court. But the state doesn't limit a federal court's jurisdiction. We don't think about state limits as being jurisdictional on us. State statutes don't limit federal courts jurisdiction. That's the supremacy problem. I'm in this really a 12B6 question, not a 12B1. I understand the district court called it a jurisdictional question, but it's not a jurisdictional question from our perspective. It's the question of whether there's a cause of action under state law. And there's a state law that says that there's not, but it's not actually jurisdictional, right? Well, if you go back through the state court decisions, which have interpreted, I know the state court in state court, it is a jurisdictional question, undeniably jurisdictional in a state court, but that doesn't make it jurisdictional in a federal court. Well, it would only to, it would because if it, the exclusive remedy provisions of the workers' compensation act apply, they deprive this court of subject matter jurisdiction. You can't hear the tort case. This is the analysis. No, it deprives us the ability to grant him relief, but it doesn't deprive us of jurisdiction, right? A state statute cannot deprive a federal court of jurisdiction. It just doesn't work that way. The Supreme Court said it back in the 1800s and has stuck with it ever since. Like state statutes and state laws cannot deprive federal courts of subject matter jurisdiction. It can mean we can't grant relief, right? That's totally right. It doesn't matter a great deal here, except in the context that I think the chief has raised as to the manner in which we review the question. I would simply submit that this court has always tracked the South Carolina Supreme Court decisions with respect to the South Carolina Workers' Compensation Act's exclusivity provisions, and those decisions have consistently held that when there is an appeal from a determination on whether the lower court, the trial level court, has subject matter jurisdiction to entertain a case where there's been an issue raised as to exclusive remedy, then there is a de novo review of the facts. Well, let me ask you this. I think the twist here is even more complex than you just answered. In the state court, the court treats it as jurisdictional and finds facts. And the appellate court, of course, reviews as you just pointed out. The question is, when it comes to federal court, do we consider that a procedural question or a substantive question? And I think your argument is that it's a substantive question because the state court would not permit that cause of action to go forward under the label of jurisdiction. That's exactly where I was going, Judge. Okay, so but the procedural aspects in that, just that aspect may be substantive. We just can't expand that. But when you come to federal court, it gets a little dicey. It was raised as a jurisdictional problem here, but probably a jurisdictional problem within 12b-6. The problem is, you know, we have a whole record here. Everybody treated it as we have a very full record. It was treated as if it would be a jurisdictional under state law. And so we have this real problem on a diversity case. What do we take as procedural and apply federal law? And what do we take as substantive? And I think your argument is that the jurisdictional aspect is substantive. It's the limit or the scope of the claim in state court. That doesn't answer all our questions, and I'm not sure how it answers any of them, actually. But I must say, I was hoping we wouldn't get into this. I have it at the top of my page, 12b-1 or 12b-6. If it's a 12b-6 in federal court, as you know, this would be an affirmative defense. The burden would be on the defendant to raise the defense. You filed a tort claim, and they would have to say, no, it's exclusively. But that would then change the outcome of the same case in state court. That's right. So I don't know how you want to address all this. It would be limited to the pleadings under a 12b-6 analysis rather than... Well, that's in federal court. Right. That actually helps you. It does. I mean, if you want to say that you reject all of the state's valid calls of action... Well, the court treated it here, our district court, the federal district court treated it as a jurisdiction question. Under our law, a court determines jurisdiction, not a jury. And so the court can make findings, take evidence, and decide the 12b-1 question. But the legitimate question that Judge Richardson raised, is this really a 12b-1 case in federal court? And traditionally in federal court, we have jurisdiction by reason of diversity. Isn't that what this is? This is a diversity case. Diversity case. So that's our jurisdiction. So we have the power to decide it. And under our jurisprudence, the seal company case, we would treat your claim here probably as a 12b-6, whether the worker's compensation creates an immunity or displaces the federal tort claim, the diversity claim you've raised. But to do that would change the outcome in state court. And we always, on diversity cases, try to parallel the outcome in state court. So the question is, how do we duplicate that? Well, the district court here found all these facts. I mean, we have a big record, we have depositions, and the court made findings of fact. And the finding of fact here is not good for you. I mean, the finding of fact is they hadn't made the decision yet. And it's a close call and clear error might be a tough hurdle to overcome. But is that the court's issue? This court should apply, the district court should apply. I must say, I don't have an answer to it. And I'm asking these questions because it's a conundrum. We need Charles Allen Wright or somebody sitting here. It's a fascinating question. And one, of course, that wasn't raised in the district court or in the briefs. But I think my thought process is, and I apologize, I'm out of time. This is important. Yeah. My thought process is akin to yours, which is that it trends toward more of a substantive issue because it could be outcome determinative. Well, that's the issue. If it's outcome determinative, we should somehow, in our federal process, parallel the state if we can. And if we did, what should the district court have been doing? Correct. And I might add, and to completely answer the question, since you raised it in the context of the district court's finding that no decision had been made, clearly the facts show that a decision had been made. Well, that would be a clear error argument then for you. Beyond that, Innovative Fibers acknowledges in its brief on two occasions that it had made the decision to contract this work out to AEI. Well, that's a good argument for clear error. But the question is, the second question you are answering is whether the appellate court, us in this case, has to find facts. And the problem there is really a problem about our role. And the Supreme Court has said the Court of Appeals role, for instance, even affidavits in a district court, the Supreme Court has said the district court's role is to assess the affidavits, if they're in conflict or not. It's not for the circuit court, even though we could look at the same affidavits. They require us to send that back. So our role is more limited than the practice in the North Carolina court. I don't know if that helps. That is a serious problem as what the district court should have been doing here to try to parallel the process that otherwise would have existed in state court on this. So can I ask a slightly different question on it? So I read the district court to say, and what it says is, you know, it gives to a business decision and that Keene's language, that's like the legal conclusion, best I can tell, under Keene is whether there was a business decision, right, had not been made, right, but it describes what it is. And it says it did not, it was in the process of deciding whether it would be performed by independent contractors on a permanent basis going forward. But that doesn't seem to be the question that Keene was asking. I think that factual finding is totally correct, right? They had not decided on a permanent basis to hire AEO to do this work. That's true, but irrelevant, right? I mean, so that can be a factually true finding, right, that they had not made a permanent decision to hire AEO. And that seems like obvious from the record, but that doesn't answer the question of whether they had decided to outsource the work, which they had been doing for the entire year and continue to do through the November incident, right? So the question that this discussion is talking about is a permanence question, had they permanently decided to do it? That doesn't seem to be the question that Keene is telling us to ask. Well, I might disagree with you about the, I don't want to use the word permanence because that's not, I don't think it's the correct word. I understand, I understand you have the argument that they had decided, but they made a decision to outsource, put that aside for a moment. But I do agree with you that that's not the Keene question, because the Keene question, as you know, says we're looking at the focus that we need to look at is what the owner decided as part of its business, which is a question of business judgment. It doesn't say final decision. It says question of business judgment. Do you think that's a question of fact or law? Well, it has to become a question of fact, because otherwise you've totally left it up to a defiant on behalf of the business, the defendant, over which plaintiff can't. Now let me ask you something. I may be throwing a softball out here, but I'm trying to figure out what we as a court should be doing. It seems to me that you're right, that there are findings of fact here that are critical. And it's a very close call between independent contractor and doing the business of the plant. And it may turn on some of these questions that Keene and the others raised. If it's a question of fact, why shouldn't we send it down and have it treated as a summary judgment, and if there are disputed questions of fact, a trial? What do you think about that idea? I want to think about it for a moment. Whether they're statutory employees is a legal question, but if they're factual disputes, you could decide to submit them to a jury, but you need not, right? I've never seen it done. And so I'm trying to think through the process of how you would go about doing that and what the issue would be to try in front of a jury. But certainly... Post the Keene questions. What are the Keene questions? Was it doing an important part of the business? Was it necessary in a central and integral part and so forth? Had it previously performed on its own work? Those questions... Well, those aren't really the Keene questions. Well, no. I thought it was doing an important part of the... I thought that was Keene. No, that was a summary from the Oast case. Excited, but Keene says those are merely considerations when analyzing the question of the defendants. Is it a factual underlying, factual question as whether the decision had been made? They're absolutely factual questions here. As you can see, we spent half of our briefs both sides talking about the factual issues, primarily because you've got an affidavit from the plant manager who says this was never decided, this was an important part of our business and so forth. Then you get into the facts and the facts don't support it. We're arguing back and forth about what really... They've come down to an immunity question. The employer is really raising the immunity of the Workers' Compensation Act in response to your tort claim. You have a diversity tort claim for personal injury. The company is saying you can't bring that. There is an immunity created, an exclusivity for the Workers' Comp. Why isn't that the question that could go to a jury? As part of your claim for negligence, you would have to show, of course, a breach of duty and damages. It would all be tried in the same trial. All the same trial. I suppose if this court were to find that it should not exercise a de novo standard of review, then we'd be looking at what the district court did here, which was, as you would be finding, in essence, taking a 12B6 motion and then making it a... Well, it's not quite 12B6 because while you put labels on it, everybody filled the record. There's deposition testimony, there are exhibits and there are factual findings. But they're clearly disputed issues. Okay. So now that's the next point. If it's disputed questions of fact, if it's jurisdictional, the court gets to make those and we review for clear error. But as we all recognized, it may not be jurisdictional in our court. It may be a 12B6 problem, which would then have to be treated by summary judgment or trial. I'm particularly intrigued by this because... Well, I am just making this up as I go. I was the... I thought that's what always we did. I was the respondent in the Keene case and we spent about six or eight pages of our brief there to the South Carolina Supreme Court arguing that the appellate review should not be de novo because this is more in the nature of determining whether there's an impediment to litigating a case in the court in which it was filed, similar to whether, for example, an arbitration agreement would prevent... Let me suggest something. I don't want to chill your argument on this, but I think there's almost zero chance, from my point of view, that an appellate court could be making findings. We would have to appoint a master. We would have to refer this out. They would have to hear the testimony, the disputed testimony. We don't have a facility for that and we just don't do that. That's not our role. So it seems to me as a matter of supremacy... I don't say supremacy, that matter of federal procedural issues that govern this case, I would... My colleagues could believe differently, but I just don't see us making factual findings de novo. So the question is, what do we do when we're faced with factual findings? We use the district court. And the district court, if there are real disputed questions, even summary judgment is not appropriate because, as you know, the facts have to be undisputed and treated as a matter of law. It seems to me then we have to say, what is this case about? And maybe we need a trial on it. I'll take that as a softball and agree with you that if that's the court's conclusion, then certainly we believe that the... Well, I'm thinking out loud. I'm thinking out loud, yeah. And I'm going to ask your colleagues here too. I think we're way over, but this is an important question. All right, thank you, counsel. Mr. Mabry? Good morning, your honors. May it please the court. I think it's still morning anyway. I want to start out by trying to address, and please feel free to question me, the discussion that has just occurred. The law in South Carolina State Court is very clear, and this is discussed in Potts v. Bashore and Edens v. Bellini, which are cited in both briefs. That the issue of statutory employment is jurisdictional, but it is not subject matter jurisdiction. There is a case called Saab v. South Carolina State University. And if you shepherdize bridges, you will see that bridges has been reversed in part. And it was reversed in part because in Saab, the South Carolina Supreme Court said statutory employment, or the workers' comp bar, is not subject matter jurisdiction, but it is jurisdictional. I know, but what does that mean, really? It's a label, and what it says, we're defining the limits of a claim. And the claim is a tort claim against an employer. And the question is, can he bring the tort claim? And the answer is, no, if he is an employee. That's right. The legislature has made the decision in passing the exclusivity provision of the workers' compensation law to take jurisdiction over that claim away from the circuit courts and put it solely with- But under federal law, if somebody comes to our court and files a tort claim under state law, and there is a defense that you have, which is that that tort claim cannot go ahead because that person was an employee and his only recourse is against the employer in the workers' compensation commission. That would be a defense to the tort claim, right? With the question of whether the plaintiff was indeed an employee. If the plaintiff was not an employee, the tort claim can go ahead. That's correct. And if it was an employee, this more complex situation, the independent contractor notion, but if a plaintiff was an employee, he can't go ahead. So why isn't that just a defense in this case about which we have disputed contentions and maybe have disputed facts? Because Bridges, which is still good law after Keene, it expressly addresses this question that you have, Your Honor, and it says it is jurisdictional and it is not a question for the jury. There is no right to a jury trial on the question of statutory employment or the question of jurisdiction. There simply is no right to a jury trial. Under diversity, is the right to a jury trial a federal question or a state question? Well, here, first of all, I believe because it is out... Under HANA or whatever the guiding principle. I haven't researched this recently, but... Under HANA, I believe because it would be outcome determinative. Why is that? It would just be who the decision maker is. Because your suggestion that it makes a difference, I think, answers the question. It's outcome determinative. Well, how should we... Set aside my idea. I was sharing that with him. Tell me what you think we should do to make this case parallel to the way the state court would do it without us finding facts. How should we go about this right now? I believe you should look at... It's jurisdictional and you should... But under federal law, Steel Company case made all this pretty clear. The Supreme Court had pointed to numerous cases where people called things jurisdictional when they really were 12b6 issues. And the court explained that jurisdictional in the federal court means the power to act. And here, our power to act is conferred by section 1332. And so we have the power to act. We have to make a decision. And that's consistent with South Carolina state court law, which says that the motion is that the statutory employment is raised by a motion to dismiss. For instance, if you look at the ride... Yeah, but the difference is they can make... The state court can make jurisdictional findings. It's not jurisdictional in federal court. I mean, I understand you keep saying it. It's not jurisdictional to us, right? We have jurisdiction under the diversity statute in the federal constitution. The state of South Carolina cannot deprive us of either of those. I agree. Right? So we have jurisdiction. It's not a 12b1 case for us in any sense of the word. So the question that I think Judge Niemeyer is getting at and that I'm curious about is, given that that's true, except for a minute that that's true. This is not a 12b1 case. What is it that we're to do? It's hard to call it a 12b6 case because obviously we're way past the pleadings, right? But if it's a rule 56 proceeding, we got all kinds of disputes that we could debate about, right? Or is it some hybrid that you want us to make up that says we're going to treat it as a, you know, a trial on the merits where the decision maker is the judge, right? You know, we don't do that often, but, you know, that's a theory. But what are you asking us to do if you accept that the district court erred in treating this as a 12b1 motion as a federal jurisdictional question? Well, I believe you should proceed forward with and consistent with South Carolina law for two reasons. Okay, but how? Okay, so to say it's consistent with South Carolina law is great. We really want to do that, right? We like South Carolina, me in particular, right? But we like it. We want to be consistent. We're not trying to be inconsistent, I can assure you. But what are we to do? Because it's not jurisdictional to us. It can't be. So now what do we do? What you described, Judge Richardson, is exactly what the Saab case says it is in South Carolina State Court. That the court has the power. The power over subject matter derives from the statutes creating the circuit court. But it is jurisdictional in the sense that the Workers' Compensation Commission and the law has removed the court's jurisdiction over that claim based on the exclusivity. When you say removed, that's like basically it's saying there is no such claim. And it would be like saying the plaintiff filed a tort claim and your answer is, we don't have jurisdiction or you can't file such a claim. There's no such thing because he is an employee and the exclusive claim, the exclusive claim is before the Workers' Compensation Commission. That's a defense to his claim in federal court, right? We plaid the statute. I'm not talking about you. I'm talking about how we should structure this case. So if it's a defense and I agree we're beyond 12B6 because the record is full. It probably is a Rule 56 record right now. The problem is the district court found facts believing it was under 12B1. Isn't that what it did? That's correct. Without objection from the plaintiff. It doesn't matter. 12B1 is a subject matter jurisdiction. And the question is, you can find facts. But the question is, you're suggesting, I guess, that we treat it as jurisdictional under 12B1 even though we have the power to act and decide this case in a larger context. We get to decide as a federal court applying substantive South Carolina law whether these plaintiffs were employees. That's what we have to decide, right? That's correct. I agree with that. And the argument, to the extent it's a different argument, the plaintiffs never challenged this in the district court. I know. Everybody hasn't. Let's just stay from that where you and I just were. If our decision in the federal court is decide whether the plaintiffs are employees. Statutory employees. Statutory employees. Exactly. I'm just using this as a shorthand because it's an employee versus not. I mean, you can always sue a third party for a torch. If that's the issue before us, and the question is, how do we best determine that? And there appears to be a question of fact about that. They filed a tort claim, and you're saying they can't under South Carolina law because it's non-jurisdictional, they're employees. How do we resolve a factual question about that? How should we? The court resolves it. The district court resolves it. As a matter of the court, and how does it resolve it? Based on what Judge Coggins did. I know, but under what rule would he act in deciding the question? Did they demand a jury trial? They did. Now we have that underlie because they asked for a constitutionally guaranteed jury trial. And the question now is, do we take it away from the jury? Well, your honor, you don't take the right to a jury trial away from them because number one, on the issue of statutory employment bridges and subsequent cases in South Carolina say there is no right to a jury trial. Well, that presents my question. Is a jury trial a procedural question which we apply federal law? I think it is, as opposed to state law. Well, the second argument is there is no right to a jury trial under the 7th Amendment because the law is clear in South Carolina. This is a question of law. Put the constitution aside for a minute, right? So we have a district court that made a jurisdictional rule. You can't waive jurisdictional arguments, right? It said we like jurisdiction under 12b1. It was plainly wrong in doing that. Except that is a hypothetical if you don't want to agree with it. But it was plainly wrong in saying that we lack 12b1 jurisdiction, right? So given that, right, it made a jurisdictional ruling, federal jurisdictional ruling. It was wrong in making it jurisdictional. Might have been right on the merits. That's a different question, right? The question is, what are we supposed to do now, right? Seem like there are a handful of options, but I think you're trying to fight the hypothetical. But if you accept just for a minute, hypothetically, that this is not a 12b1 federal jurisdictional question, what do you suggest we do? Can you point me to a rule? Forget the constitution, like what rule are we operating under? Do you think this is 12b6? Do you think it's 56, summary judgment? Where do you want us to put it? It was a motion to dismiss consistent with South Carolina state law that says, because it is jurisdictional, that you can consider facts outside the pleadings. And what kind of, do you think that that, are you just sticking that in your position? That's a 12b1 motion in federal court. And so it should be treated as a 12b1 motion. And, you know, two centuries worth of federal law saying that the state can't limit federal jurisdiction. We just ignore those. That's the, you're just going to stand there? No. Okay, so what, so if not 12b1, then what? It's, I guess it's, but it's not a 12b6 motion. Most plainly, it's not. I agree with you there. So, all right, so we're two down. But we, give me another option. We made it as a motion to dismiss consistent with South Carolina state law. You made it as a 12b1 motion. I understand that. But I've asked you to hypothetically accept that it is not a 12b1 motion. And I'm asking you to tell me if it's not a 12b1 motion. Maybe you just want to say, I will not accept that. It's 12b1. I'm going to stick to it. That's fine. It's a totally acceptable answer. But if I disagree with that, you, are you making any argument that it's anything other than a 12b1 motion? Well, you could treat it as a 12, as a summary judgment motion with the idea that the court under South Carolina substantive law makes the factual determinations on that issue. Then go back to Judge Niemeyer under Hannah. Why do we think that the decision maker is a question of substantive law, right? So we often think about, you know, is it outcome determinative or not, right? I mean, that's the sort of shorthand version of this. But why does the decision maker, that being the district court or a jury, why is that substantive for our purposes of sort of trying to implement our like federal state system? Well, it doesn't have to just be substantive. It can also be procedural if it's outcome determinative, as I understand it. Why is it outcome determinative? The decision maker is not outcome determinative. I mean, the federal law may say that every judge has to be over 75 years old. I qualify. But the state law says you can be 35 years old and have a decision maker judge. That's not outcome determinative, is it? Well, you have a jury. He couldn't be a judge in South Carolina, right? He's too old. We can use a real example. That's a fact, not a correct assumption, Your Honor. But I wasn't going to try to guess. In all seriousness, I was trying to point out that I think who makes the decision doesn't sound substantive to me. We assume that state courts and federal courts will make the same decision, even though they're constituted totally differently. And the whole idea of a parallel system in diversity is to try to get the same outcome. But you've got, Your Honor, a jury deciding an issue that, number one, Bridges says is not for a jury to decide. And second, the Seventh Amendment right to a jury... Maybe under summary judgment, we'd have to look at this, but maybe under summary judgment, the substantive law says that's a question of substance, of law for the court to decide. Even in federal court, when it's a question of law... Well, we know that, but this is laden with facts. Markman says, the Supreme Court and Markman said, even on a question of law, if they're factual disputes, it's not for a jury, but for a judge. And South Carolina... I guess our question is whether that is outcome determinative. And it seems to me you're arguing about who the decision maker is, whether it's jury or judge. And I don't know the clear answer to that, but I suspect that is procedural and we would apply federal procedural law. That's my suspicion. But even if you, well, even if you applied federal procedural law... We would give it to a jury. Well, it's a question of law and you don't give it to a jury under Markman. In Markman, they said the interpretation of the patent was a question of law. What if you have two witnesses testifying totally opposite? And the judge in South Carolina says, I happen to believe witness A. And makes the determination. I mean, it seems to me you're saying that's a question of law in federal court. If we had two people diametrically opposed, we would say that's a question of fact. And then the decision maker, the fact finder makes a conclusion. Now that could be a judge or it could be jury in federal court. But... Well, the other thing that I think... Do you get a jury trial on this particular question of the exclusivity of the workers' cop law when it entails a question of fact? Well, Bridges says you don't. In state court. But Bridges doesn't tell us whether you get one in federal court, right? Bridges says what happens in state court. And if it's outcome determinative, then it happens in federal court. But if it's not outcome determinative, it may not be true that it happens in federal court. The other thing we've ignored in this discussion is that the defendants from the very start took the position that the judge in the district court made any findings on the facts. Everybody agreed that this was a 12-B-1 decision and everybody was wrong. There's a case... But that doesn't help us, right? So everybody agreed it was jurisdictional under 12-B-1. Everybody was wrong. But, like, the fact that they made a jurisdictional decision incorrectly doesn't mean that it's waived. And so now we can't review it. I disagree with that, Judge Richardson. There's a case for this circuit, United States v. 1966, Beechcraft Aircraft, 777-F2-947-951 is the page specific. In that case, there was a jury demand, but they allowed the trial court to essentially hold a bench trial and make findings of fact. And this circuit held... What was the issue? It was not on statutory employment, but the principle... No, I know. But for instance, personal jurisdiction is a factual question always, almost always, and courts decide those. But... I'm just asking, in that case, what was the issue that the court took it away from the jury? Well, it was on facts related, as I understand it, to the item that was seized. Forfeiture. Forfeiture. But the parties let the court make the factual findings, and this circuit held that to the extent there was a right to a jury trial, that was waived by... That's a different issue. Waiver is a different issue. They've demanded a jury trial. So we have that before us. But this case that I cited, there was a demand for a jury trial, and this circuit held that even though there was a demand for a jury trial in the pleading, by participating without objection and allowing the judge to make factual findings, they had waived the right to a jury trial. Suggesting that by their participating in this 12B1 motion, as it was labeled, they waived a jury trial? Yes, they've never raised this jury trial issue in the district court. They don't raise it in any of their briefs here. Mr. Mabry, can I ask a follow-up to that? So it seems like your position is that this may have been a mangled procedural mess, but the parties litigated the claim the way they did, and the result is one that you're comfortable with. But now we're on appeal, and I think this gets back to a question that was asked earlier by somebody, I forget who it was. Is it your position that we are to adopt the South Carolina procedure on appeal and anoint ourselves as finders of fact? And if we disagree with the district court's finding with respect to legitimate business decision or outsourcing or any of those facts that it found, are we in a position to simply say we don't agree? The record says otherwise. Yes, but for my position to be consistent, I think that would be the correct way to interpret that, yes. But I want to, I'm over my time, but can I address one thing about the decision? Sure. Judge Richardson, I disagree with you about what is in the record about whether a district decision had been made to outsource this work. The type of outsourcing, any time section 421400 on statutory employment is only implicated when the owner hires somebody to do part of its work. So that, you know, if outsourcing is any time you hire somebody to do your work, then you're getting away with statutory employment, which King, which Ziegler says King did not do. And Bridges tells us where there's a one-off, right? That makes total sense. But whatever Bridges says, bracket it for me, you agree in January, May and October, the previous independent contractor had come in and done cleaning? And each time, that was a one-time cleaning. And if you, if you look at, totally fair, right? But you look at, but you agree factually it happened in January, May and October. I have factual questions since you brought it up. But so can I ask the factual question first and then you can go back. I'm sure the chief will give you an extra minute. In the record, it suggests that JBR, which is VLS's predecessor, actually first entered the contract in June of 2020, right? So we got records from 2021. We've got one record in the appendix at 1125 where VLS or JBR, excuse me, contracts to do cleaning starting in June of 2020. Is there records about what independent contractors were used in 2020 as opposed to 2021? Our records only really seem to pick up in January of 21. But there's at least one record showing that JBR, which is the VLS predecessor, had a contract as of June of 2020. Do you disagree with that as a factual matter? And are there other records that are not in the joint appendix that shed light on what happened in 2020? Or do we just not know? We don't know because it wasn't gone into. But you can go ahead. I just want to make sure I understood the facts. There was a cleaning, but each time there were these cleanings, there's no contract to do cleaning on a monthly or quarterly basis or any kind of periodic basis. In Bridges, if you actually look at the facts, the transmission, the changing out of the transmission line was a one-time thing. But they had actually used Collins Electric at the mill on two other occasions before the occasion where the worker was injured. The facts were, it wasn't just a one-off time. Your view is that if you hire somebody once a quarter, routinely once a quarter, they come in and do something. But as long as you don't hire them to a long-term contract, you just do it once a quarter, that there would be no business decision. You're just making ad hoc choices once a quarter. Well, yes, yes. But the critical difference between the facts here and the facts in Keene and Ziegler is there was no decision to take this piece of work and outsource it such that the owner's employees no longer did cleaning. That's just to make that clear. I'm sorry, Chief. Just to make that clear, though. So your position is, I'm sorry, I think I misunderstood this. Your position is that absent some type of permanent or long-term agreement, that there cannot be a business decision to outsource. You can't outsource without a long-term permanent agreement. That's actually what Judge Coggins did. And you agree with that, that absent a long-term permanent agreement that schedules it some months in advance, it can't be a business decision to outsource. I'm not sure that's our position. Our position is that the type of outsource... You're not sure? So you think you can have a business decision to outsource that happens only once? Well, every time Section 42, the statutory employment section is only implicated when the owner contracts out some of its work to a third party. So you cannot have outsourcing every time the owner contracts out work. Otherwise, you've done away with statutory employment. The type of... But do you agree it can be a single instance that I can outsource something only once? Well, you might technically meet the definition of... No, no, but this is an important question, right? So I don't mean technically, I'm asking for your legal position. Can a business decision under Keene to outsource exist when it only happens once? It's a one-off. Your answer is no. Okay. And all you have to do is look at Bridges, which survives Keene. And in that situation, they made a business decision to outsource, to have somebody replace the transmission line. But the Supreme Court held that the injured worker was still the statutory employee of the mill. Can I ask you one question about our previous question? I know our time's extending here, but in your answer to the complaint, your 10th defense, you said plaintiff and co-workers at the time and place in question were statutory employees of one or both defendants, and as such, plaintiff's claims are or may be barred by the exclusivity provisions of South Carolina workers' compensation law. That's correct. So you raised it as an affirmative defense. What if you had not raised that? What would have the consequences been? I believe, Your Honor, that under South Carolina law, if we had not either raised it in the... No, I'm just saying this. If you had not raised this 10th defense, what would have happened? It would have been... The case would have gone forward to trial on their claim, tort claim, right? That's correct. We could raise it either in the answer or a motion, but we had to raise it because Saab says it is not subject matter jurisdiction, but it's described more in the nature of claim jurisdiction with the Workers' Comp Commission. Okay, thank you. Thank you. Thank you, Mr. Lieberman. I feel like I need to dive back in on this 12B1 versus 12B6 topic, although we certainly have plenty of other things to discuss, but just to sort of tie up and make sure that our position is clear with respect to those questions. If this is considered in the context of a 12B1 motion, then we believe that the only result that this court can grant is a reversal of the district court. Judge Niemeyer asked me earlier about the genesis of this de novo standard and so forth, and I mentioned the Ziegler case. Of course, that's also the case that the appellee cited in their brief on the standard of review, so I look back at Ziegler and Ziegler goes on to say, not only that we review this de novo, but a 12B1 motion to dismiss should be granted only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. So that certainly makes it sound more like... You know, I understand that comment, and my question is, if it's a real 12B1, we don't have any authority to keep going in the case. It's just clear. And we don't have the power to adjudicate. The only power we have is to determine our power. And if we determine that we have no power, that ends the case. And so there's no such thing as saying... If there's a disputed fact about our power, we have to decide it, no matter what. We don't let the case go forward with discovery and go to a jury and say, does the court have power? Well, if you approach it as a 12B1, then I think the first question is, were there disputed material facts? There clearly were. And then if you feel... Well, it would be up for the court to resolve those. We've held many times. I mean, we've held a half a dozen times that if there's a 12B1 motion where there are disputed facts, the court should resolve those facts to determine whether it can handle the case. And either the district court should be reversed because it should not have resolved those material facts in the context of this case, or in doing so, it erred. Because as pointed out throughout our briefing with two and a half minutes, I'm not sure I have time to go through all of those. But we believe that the factual conclusions, as I mentioned earlier, that the district court reached were in error. In addition to the legal process. But if we think under 12B1, I guess I'll just ask one last time and then I'll stop. Assume for a minute it's not 12B1. How do you think it ought to be handled? Like, assume that was an error. The court said it lacked jurisdiction. It was not a jurisdictional holding. That was an error. Just the jurisdictional part. I don't mean the right or wrong on the merits, but it's not jurisdictional. So it was improperly handled as 12B1. What should the court have done? Then I think it has to be addressed as a summary judgment motion. Because it is so factually intensive. In every case that talks about statutory employment, South Carolina says it's a fact-driven decision. It's not going to be appropriate for 12B6 unless the plaintiff just admits the defense in the complaint. Well, that gets you to a step that you're arguing against also. Because you're saying there are disputed material facts. And Rule 56 can only address circumstances where there are no disputes of material fact. Well, my point is simply this. And I know that there's been this sort of give and take. And there doesn't seem to be a consensus on how to address this. I mean, at least from hearing your comments, Judge Niemeyer, I think you're a little unsettled about the implication. I'm unsettled by it all. But I do know that there's some problems. And the case started out with you filing suit for a tort claim demanding a jury trial. They filed an answer that included an affirmative defense that the exclusive, it's like an immunity defense, the exclusive remedy is the Workers' Compensation Commission. That's fair enough. It's in there as an affirmative defense. Up to that point, everything seems to be in order. But then after that was there, they filed a motion under 12B1. And the court said, yep, grant it. And resolved facts in doing so. So that's the question. And I was trying to address the follow-up question, which is what Judge Richardson's question was. What do we do now? I mean, what are we under? What do we do? So you can either say 12B1, the judge properly decided these issues because that's the way they do it in state court. And we review that de novo. But then when you look at the de novo standard, as stated in Ziegler, you'd have to reverse because there are disputed issues with juror fact. I see I'm out of time, but I'd love to finish if I may, Chief Judge. So that becomes that question. There's another basis for reversing on 12B1. And that is just on a pure de novo review, if you do that and say, let's weigh the evidence. The evidence clearly favors the plaintiff's position in this case that there was not statutory employment. In addition, aside from de novo standard of review, you look at it for reversing on errors of law and the trial judge applied the wrong legal standards in light of the Keene case. Can I ask one factual question to ask your colleague just to, I don't know that this is going to be relevant given where we are, but in June of 2020, JBR, which is VLS's predecessor, contracted with the company to provide, you know, fill cleaning services extraction. But we don't, all we've got is like the contract from June of 2020. We don't have what happened until January of 2021. Is that, can you shed any light on that based on the record or are we just, that's just data that we don't have. We don't know what happened in 2020 other than there was a contract with VLS's predecessor. Um, the, what occurred in June of 2020 is I believe a little unclear because I'm not sure exactly what areas in all fairness to the defendant, what areas of the plant that they were cleaning at that point. So there's some invoicing at page 1125 of the joint index to deal with that. What's more, but that's all we, that's all we know about June of 2020 is in other words. That's right. And I don't, I don't know that that's terribly important because recall that these ovens were installed at that time. And so this dust, this fugitive dust problem that finds itself nesting in the rafters and in the superstructure and all doesn't occur until, start occurring until that point in time. So it's really not a terribly relevant consideration. It would be more important to look at December of that year when VLS came back out, or excuse me, January of the following year when VLS came back out. All right. Thank you, Mr. O'Leary. Thank you. Thank you both for your arguments this morning. This is a confounding case in many ways. You know, part of the problem is we've got a situation where if the case had been tried in state court, you'd have a pretty well delineated process for handling the case, but we're in federal court. And then I think about the whole policy purposes of the workers' compensation law, and that is to make sure that businesses don't outsource work in order to avoid their liabilities as employers. And it doesn't seem like that interest is at all being vindicated here. So, because as I understand it, both employers had workers' comp insurance. So maybe you ought to go back to South Carolina and tell them to do away with statutory employees altogether. We'll come down and recounsel and move on to our third and final case.
judges: Albert Diaz, Paul V. Niemeyer, Julius N. Richardson